**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KIMBERLY RICKETTS,<br><br>Plaintiff,<br><br><br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-01227 |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues the United States, the Duchess County Supreme Court in Poughkeepsie, New York, the City of Poughkeepsie Police Department, and various other entities in locations unknown and for reasons unknown. *See generally* Compl., ECF No. 1; Am. Compl., ECF No. 4. Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

For clarity, a plaintiff "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The rules also assist the court in determining whether it has jurisdiction over the subject matter.

Complaints, as here, that are "rambling, disjointed, incoherent, [and] full of . . . confusing material will patently fail [Rule 8(a)'s] standard," as will those containing "an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations omitted). Plaintiff has not alleged a cogent set of facts to give each defendant "fair notice" of a claim "and the grounds upon which it rests[.]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Therefore, this case will be dismissed by separate order.

_________/s/______________
AMIT P. MEHTA
United States District Judge

Date: August 28, 2026